Filed 8/17/20  P. v. Pulizzano CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C090206 |
| Plaintiff and Respondent, | (Super. Ct. No. NCR95990) |
| v. | |
| JAMES JOSEPH PULIZZANO, | |
| Defendant and Appellant. | |

Appointed counsel for defendant James Joseph Pulizzano filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) After examining the record, we find no other arguable error that would result in a disposition more favorable to defendant and affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

In May 2016, a jury found defendant guilty of attempted voluntary manslaughter (Pen. Code, §§ 664, 192, subd. (a)—count I),[1] attempted murder (§§ 664, 187, subd. (a)—count II), possession of a firearm by a felon (§ 29800, subd. (a)(1)—count III), two counts of assault with a firearm (§ 245, subd. (a)(2)—counts IV & V), and criminal threats (§ 422, subd. (a)—count VI). For counts I, IV, V, and VI, the jury found defendant personally used a firearm (§ 12022.5, subds. (a) & (d)); for count II, the jury found defendant personally discharged a firearm (§ 12022.53, subd. (c)).

The court sentenced defendant to an aggregate term of 29 years four months in prison. The court imposed the midterm of seven years on the attempted murder conviction (count II) plus a consecutive term of 20 years for the attached firearm enhancement. The court also imposed a consecutive term of one year for the attempted voluntary manslaughter conviction (count I) plus one year four months for the attached firearm enhancement. For count III, the court imposed a concurrent term of two years. For count VI, the court imposed a concurrent term of six years, and imposed and stayed the terms for counts IV and V under section 654.

The court imposed a $400 restitution fine (§ 1202.4), an identical $400 parole revocation restitution fine, which was stayed pending revocation of parole, a $240 court operations assessment (§ 1465.8), and a $180 court facilities assessment (Gov. Code, § 70373). Defendant was awarded 309 days of presentence credit (269 days actual custody and 40 days of conduct credit).

Defendant appealed his convictions, and we affirmed the judgment in an unpublished decision in *People v. Pulizzano*, case No. C082795, in February 2019, although we remanded for the trial court to decide whether to exercise its newly granted

---

[1] Undesignated statutory references are to the Penal Code.

2

discretion to strike the firearm enhancements and to correct clerical errors in the abstract of judgment.

Prior to resentencing, defendant moved to dismiss the firearm enhancements, or, alternatively, to reduce the enhancements to lesser included enhancements. The People opposed the motion.

At the resentencing hearing in August 2019, the trial court exercised its discretion to strike the 20-year firearm enhancement alleged under section 12022.53, subdivision (c) attached to count II and resentenced defendant as follows: the midterm of seven years for count II (attempted murder), plus 10 years for the lesser firearm enhancement under section 12022.53, subdivision (b), a consecutive one-year term (one-third the midterm) for count I, and consecutive terms of eight months each (one-third the midterm) for counts III and VI. For each of the firearm enhancements attached to counts I and VI, the court imposed an additional consecutive term of one year four months. The terms on counts IV and V were again stayed under section 654. The court ordered fees, fines, and credits identical to those previously imposed. Defendant's total aggregate sentence was 22 years in state prison.

Defendant timely appealed. In December 2019, at defense counsel's request, the trial court amended defendant's presentence credits to award him 1,422 days of presentence credit (1,382 actual days plus 40 days of conduct credit). The court issued an amended abstract of judgment reflecting the revised credit amount.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

3

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

_____/s/_____
BLEASE, Acting P. J.

We concur:

_____/s/_____
MURRAY, J.

_____/s/_____
KRAUSE, J.

4